UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATONYA CRAWFORD, ET AL                CIVIL ACTION

VERSUS                                  NO. 06-9242

MEDI-CHAIR, LLC, ET AL                  SECTION "C" (4)


ORDER AND REASONS

This matter comes before the Court on the issue of whether subject matter jurisdiction exists in this removed case and plaintiffs' motion to remand. Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     The defendant has not met its burden of establishing jurisdiction.  The subject of the plaintiffs' claims is an allegedly defective wheelchair purchased from the defendant for $18,375.00.  The defendant argues that the plaintiffs' claims rely on the 100% penalty and attorney fee provisions of La. Rev. Stat. § 51:2767.  The defendant does not provide

any evidence concerning any other element of potential damages, however, and the plaintiffs offer a Stipulation that the total claim is less than the jurisdictional minimum.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is GRANTED.  (Rec. Doc. 11).  This matter be and hereby is REMANDED to the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).[1]

New Orleans, Louisiana, this 12th day of January, 2007.

HELEN G. BERRIGAN

---

[1] The Court does not rule on the defendant's motion to dismiss or transfer. (Rec. Doc. 2).

UNITED STATES DISTRICT JUDGE